# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Eric Meyer, individually and as executor )
of the estate of Joan Meyer, et al., )
                                  )
                Plaintiffs, )      **Case No. 2:24-cv-02122-DDC-GEB**
                                    )
   v. )
                                      )
City of Marion, Kansas, et al., )
                                      )
                Defendants. )

**Plaintiffs' Response to Show Cause Order re Potential Consolidation**

Plaintiffs Eric Meyer and the *Marion County Record*, for their Response to the Court's May 15, 2024 Notice and Order to Show Cause (Doc. 27), state as follows:

**Deb Gruver's lawsuit**

1.       On August 30, 2023, *Marion County Record* reporter Deb Gruver sued Marion Police Chief Gideon Cody for violating her civil rights during the execution of a search of (and outside) the offices of the *Record* on August 11, 2023. (Gruver Doc. 1).

2.       On October 4, 2023, Chief Cody answered Gruver's lawsuit. (Gruver Doc. 9).

3.       Chief Cody is represented in the Gruver lawsuit by Jennifer Hill and Ed Keeley with the McDonald Tinker law firm. (Gruver Doc. 6-7).

4.       On January 15, 2024, Ms. Hill served Chief Cody's Initial Rule 26 Disclosures. (Gruver Doc. 16).

5.       On January 22, 2024, Ms. Hill provided Ms. Gruver with 575 pages of documents pursuant to Chief Cody's obligations under Rule 26. (Gruver Doc. 20).

6.      On January 26, 2024, Ms. Hill served Chief Cody's Supplemental Rule 26 Disclosures. (Gruver Doc. 21).

7.      On January 31, 2024, Ms. Hill served subpoenas duces tecum on the Kansas Bureau of Investigation (Gruver Doc. 23) and the Kansas Department of Revenue (Gruver Doc. 24).

8.      On February 17, 2024, Ms. Hill served subpoenas duces tecum on Ryan Newell (Gruver Doc. 25) and Pam Maag (Gruver Doc. 26).

9.      Ms. Hill has served additional subpoena duces tecum which are not shown on the Court's docket.

10.     For example, on March 11, 2024, Ms. Hill served a subpoena duces tecum on the *Marion County Record*. (attached Ex. 1).

11.     On March 25, 2024, the *Record* produced 603 pages of documents and 86 videos to Ms. Hill in response to her subpoena. (attached Ex. 2).

12.     Ms. Gruver has until June 17, 2024, to amend her complaint. (Gruver Doc. 31).

### Phyllis Zorn's lawsuit

13.     On February 26, 2024, *Marion County Record* reporter Phyllis Zorn sued Chief Cody and other defendants (including the City of Marion and Marion County)[1] for

---

[1] In the different lawsuits arising from the August 11, 2023 searches, the City is named variously as "City of Marion" and "Chief Gideon Cody, in his official capacity." Similarly, the County is named variously as "Board of County Commissioners of the County of Marion" and "Sheriff Jeff Soyez, in his official capacity." It is well-settled that "a § 1983 claim against a municipal officer in his or her official capacity is a claim against the city itself." *Emmett v. Armstrong*, 973 F.3d 1127, 1139 (10th Cir. 2020).

63797018v1

violating her civil rights during the execution of a search of (and outside) the offices of the *Record* on August 11, 2023. (Zorn Doc. 1).

14.     On April 8, 2024, Ms. Zorn filed an Amended Complaint against the same defendants. (Zorn Doc. 35).

15.     The City of Marion (and the other City Defendants) are represented in the Zorn lawsuit by Ms. Hill and Mr. Keeley. (Zorn Docs. 11-12).

16.     On May 17, 2024, the City of Marion (and the other City Defendants) filed Motions to Dismiss the Amended Complaint. (Zorn Docs. 57-58 & 60-61).

17.     The City of Marion does **not** assert it is protected by qualified immunity. (Zorn Doc. 58).

18.     On May 14, 2024, Marion County (and other County Defendants) filed a Motion to Dismiss the Amended Complaint. (Zorn Docs. 53-54).

19.     Marion County does **not** assert it is protected by qualified immunity. (Zorn Doc. 54).

### Cheri Bentz' lawsuit

20.     On March 29, 2024, *Marion County Record* office manager Cheri Bentz sued Chief Cody and other defendants (including the City of Marion and Marion County) for violating her civil rights during the execution of a search of (and outside) the offices of the *Record* on August 11, 2023. (Bentz Doc. 1).

21.     The City of Marion (and the other City Defendants) are represented in the Bentz lawsuit by Ms. Hill and Mr. Keeley. (Bentz Docs. 9 & 11).

22.     On May 10, 2024, the City of Marion (and other City Defendants) filed a Motion to Dismiss the Complaint. (Bentz Docs. 19-20).

63797018v1

23.     The City of Marion does **not** assert it is protected by qualified immunity. (Bentz Doc. 20).

24.     On May 7, 2024, Marion County (and other County Defendants) filed a Motion to Dismiss the Complaint. (Bentz Docs. 16-17).

25.     Marion County does **not** assert it is protected by qualified immunity. (Bentz Doc. 17).

### Eric Meyer and the *Marion County Record*'s lawsuit

26.     On April 1, 2024, *Marion County Record* publisher Eric Meyer (both individually and as executor of the estate of his late mother, Joan Meyer) and the *Record* itself sued Chief Cody and other defendants (including the City of Marion and Marion County) for violating their civil rights during the execution of two separate searches of (and outside) the offices of the *Record* and of the Meyer home on August 11, 2023. (Meyer Doc. 1).

27.     The City of Marion (and the other City Defendants) are represented in the Meyer lawsuit by Ms. Hill and Mr. Keeley. (Meyer Docs. 9 & 11).

28.     The City of Marion (and the other City Defendants) have obtained an extension of time until May 31, 2024, to respond to the Meyer Complaint. (Meyer Doc. 22).

29.     On May 14, 2024, Marion County (and other County Defendants) filed a Motion to Dismiss the Complaint. (Meyer Docs. 25-26).

30.     Marion County does **not** assert it is protected by qualified immunity. (Meyer Doc. 26).

63797018v1

**Ruth Herbel's lawsuit**

31.     On May 28, 2024, former Marion Vice-Mayor Ruth Herbel and her husband sued Chief Cody and other defendants (including the City of Marion and Marion County) for violating her and her husband's civil rights during the execution of a search of their home on August 11, 2023. (Herbel Doc. 1).

**Order to Show Cause**

32.     On May 15, 2024, this Court issued an Order to Show Cause why the Gruver, Zorn, Bentz, and Meyer lawsuits should not be consolidated for all pretrial proceedings. (Meyer Doc. 27).

**Plaintiffs' position on pretrial consolidation**

Plaintiffs Eric Meyer and the *Marion County Record* agree that each of the five[2] lawsuits arising from the August 11, 2023 searches should be consolidated for all pretrial proceedings. Such consolidation would "avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3).

One of the steps which Plaintiffs believe should be taken to achieve pretrial consolidation is for the City's counsel to provide all parties with copies of the Rule 26 disclosures (and documents) previously served in the Gruver lawsuit, along with copies of the hundreds of pages of documents the City's counsel obtained by use of the Court's subpoena power in the Gruver lawsuit.

Such a production would get all the cases on the same level playing field in terms of documents exchanged to date. Such a production would not be offensive to any potential

---

[2] While the Court's May 15, 2024 Order does not address Ruth Herbel's lawsuit (the lawsuit had not been filed by that date), it is counsel's understanding that Ms. Herbel agrees her case should be consolidated with the prior cases for all pretrial purposes.

63797018v1

claim that discovery should be stayed due to qualified immunity, for the simple reason that "municipalities are not entitled to qualified immunity." *Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1171 (10th Cir. 2022). Moreover, such limited discovery is not offensive to Chief Cody's claim of qualified immunity in his individual capacity. *See Bledsoe v. Jefferson Cnty., Kansas*, No. 16-2296-DDC, 2021 WL 2229745, at *2 (D. Kan. May 10, 2021) (allowing limited discovery to go forward against municipality while staying discovery against individuals).[3]

As another step toward pretrial consolidation, the City and the County should be directed to make their Initial Rule 26 Disclosures and produce all documents identified therein. This Court has previously approved such a practice, finding that it would (a) not prejudice the individuals who are claiming qualified immunity, and (b) "allow Plaintiff to assess the potential discovery lying [ahead.] Once the dispositive motions are decided, the case may then quickly proceed with scheduling and full discovery." *Couser v. Somers*, No. 18-1221-JWB-GEB, 2019 WL 2743909, at *5 (D. Kan. July 1, 2019).

The exchange of Initial Rule 26 Disclosures would also increase the likelihood of an early resolution of these five cases through the alternative dispute resolution process. *See Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2022 WL 1062262, at *6 (D. Kan. Apr. 8, 2022) (explaining that one of the purposes of the Rule 26 initial disclosure requirement is to "promote settlement").

---

[3] While the City and County have filed motions to dismiss of their own on non-immunity grounds, "[t]he general policy of this District is to continue with discovery during the pendency of dispositive motions." *Farr v. United States Gov't*, No. 22-2476-DDC-GEB, 2023 WL 34440, at *2 (D. Kan. Jan. 4, 2023)

**Conclusion**

Accordingly, Plaintiffs Eric Meyer and the *Marion County Record* ask this Court to consolidate, for all pretrial purposes, the five pending cases arising from the searches conducted on August 11, 2023. To affect that consolidation, Plaintiffs ask this Court to set a prompt date for counsel for the City of Marion to provide all parties with copies of the Rule 26 disclosures (and documents) previously served in the Gruver lawsuit, along with copies of the documents (and any other items) the City's counsel obtained by use of the Court's subpoena power in the Gruver lawsuit. Finally, Plaintiffs ask this Court to set a prompt deadline for Plaintiffs in the five cases, along with the City and County Defendants, to make their initial Rule 26 Disclosures and to produce the documents identified therein.

Counsel is eager to discuss these matters further at the upcoming hearing, scheduled for June 12, 2024.

Respectfully submitted,

LATHROP GPM LLP

By: */s/Bernard J. Rhodes*
      Bernard J. Rhodes     KS #15716
      Emma C. Halling      KS #27924
      2345 Grand Blvd., Ste. 2200
      Kansas City, MO  64108
      (816) 292-2000 – Telephone
      (816) 292-2001 – Facsimile
      bernie.rhodes@lathropgpm.com
      emma.halling@lathropgpm.com

      ATTORNEYS FOR PLAINTIFFS

63797018v1