THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC MEYER, et al.,

    Plaintiffs,

v.

CITY OF MARION, et al.,

    Defendants.

Case No. 2:24-CV-02122-DDC-GEB

**DEFENDANTS JEFF SOYEZ, AARON CHRISTNER AND THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MARION'S RESPONSE TO PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER REGARDING CONSOLIDATION**

COME NOW, the Defendants Jeff Soyez, Aaron Christner, and the Marion County Board of County Commissioners ("the Sheriff Defendants"), by and through Jeffrey M. Kuhlman of the law firm of Watkins Calcara, Chtd., their attorney, and submit this reply to both the Court's Notice and Order to Show Cause (Doc. 27) and Plaintiffs' response to the same. In support of this reply, the Sheriff Defendants state as follows:

1.    None of the Sheriff Defendants are named as defendants in the matter of *Gruver v. Cody, et al.*, 23-1179-DDC-GEB. The Sheriff Defendants[1] are Defendants in *Zorn v. Cody, et al.*, 24-2044-DDC-GEB, *Bentz v. Cody et al.*, 24-2120-DDC-GEB, and this matter. The Sheriff Defendants, along with Steven Janzen, another Sheriff's Deputy, are also defendants in the recently filed matter of *Herbel v. Cody, et al.*, 24-2224-HLT-TJJ. All of these cases arise out of a common set of facts and involve common questions of law.

2.    The Sheriff Defendants either have filed motions to dismiss, or intend to file motions to dismiss, in all of the above cases in which they are named Defendants. In each of these motions, the individual Sheriff Defendants will raise the defense of qualified immunity on claims brought

---

[1] Meaning Soyez and Christner in their individual capacities, as well as Soyez in his official capacity and/or the Board of County Commissioners.

1

against them in their individual capacity.

3. The Sheriff Defendants are also seeking dismissal with prejudice of all claims brought against the Sheriff in his official capacity and/or the Board of County Commissioners.

4. The Sheriff Defendants agree that consolidation of the above-referenced cases for purposes of discovery is appropriate and have no objection to the same.

5. However, the Sheriff Defendants intend on filing a motion to stay discovery in each case. Soyez, Christner, and Janzen all have raised, or intend to raise, qualified immunity as a defense. "Immunity from suit is a broad protection that grants government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery. A defendant is therefore generally entitled to have immunity questions resolved before being required to engage in discovery. Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit." *Kehler v. Ward*, 2022 U.S. Dist. LEXIS 186825, at *5-6 (D. Kan. Oct. 12, 2022) (internal quotation marks and citations omitted).

6. Therefore, although the Sheriff Defendants do not oppose consolidation for purposes of discovery, they request that discovery be stayed pending the resolution of their pending or forthcoming motions to dismiss.

7. Plaintiffs in this matter have suggested that the governmental entity defendants should be required to make Rule 26 initial disclosures, citing other cases in which that has been done. The cases cited by Plaintiffs are distinguishable from this matter. In those cases, one defendant appealed an immunity question after it had been determined that claims against the non-appealing parties would move forward regardless of the outcome of that appeal. *Bledsoe v. Jefferson Cnty.*, 2021 U.S. Dist. LEXIS 88411, at *4-5 (D. Kan. May 10, 2021); *see also Couser v. Somers*, 2019 U.S. Dist. LEXIS 109189, at *9-10 (D. Kan. June 28, 2019). That is not the case here. In addition to seeking qualified immunity on behalf of individuals, the Sheriff Defendants have moved to dismiss the claims against the

2

governmental entity, as well. Their motions are fully dispositive, and therefore, no claims are guaranteed to proceed past the dispositive motion stage.

8. Furthermore, the cases cited by Plaintiffs presented situations in which the cases were several years old and discovery had already been stayed for a significant period of time. *Bledsoe*, 2021 U.S. Dist. LEXIS 88411, at *5-6; *Couser*, 2019 U.S. Dist. LEXIS 109189 at *7-8. That is not the case here. These cases are in their infancy, the underlying events occurred less than a year ago, and the most recent case was filed in the past week. Unlike *Bledsoe* and *Couser*, there is not a compelling reason to piecemeal or bifurcate discovery. Rather, this District's precedent dictates that a stay of all discovery is most appropriate. *Toney v. Harrod*, 2018 U.S. Dist. LEXIS 190468, at *5-6 (D. Kan. Nov. 7, 2018).

9. In conclusion, the Sheriff Defendants do not oppose consolidation of claims for purposes of discovery but request that discovery be stayed pending the resolution of the dispositive motions they have filed and will file. If the Court is inclined to order Initial Rule 26 Disclosures as suggested by Plaintiffs, the Sheriff Defendants request that such disclosures be the only discovery allowed until dispositive motions are ruled on, and that such order apply only to those parties that have not raised qualified immunity as a defense: each plaintiff, the City, and the County.

Respectfully submitted,

WATKINS CALCARA, CHTD.

/s/   JEFFREY M. KUHLMAN
Jeffrey M. Kuhlman, #26865
1321 Main Street - Suite 300
P.O. Drawer 1110
Great Bend, Kansas  67530
(620) 792-8231   Fax (620) 792-2775
jkuhlman@wcrf.com
Attorney for Defendants Jeff Soyez, Aaron Christner, and the Board of County Commissioners of Marion County

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 5th day of June, 2024, I electronically filed the above and foregoing Response by using the CM/ECF system which will send a notice of electronic filing to registered counsel.

                                           /s/    JEFFREY M. KUHLMAN
                                              Jeffrey M. Kuhlman, #26865