THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC MEYER, individually and as executor of the estate of Joan Meyer, <br><br>and <br><br>THE HOCH PUBLISHING CO., INC., doing business as the Marion County Record, <br><br>            Plaintiffs,<br>v.<br><br>CITY OF MARION, KANSAS, FORMER MARION MAYOR DAVID MAYFIELD, in his official and individual capacities, FORMER MARION POLICE CHIEF GIDEON CODY, in his official and individual capacities, ACTING MARION POLICE CHIEF ZACH HUDLIN, in his individual capacity, BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MARION, MARION COUNTY SHERIFF JEFF SOYEZ, in his official and individual capacities, and MARION COUNTY DETECTIVE AARON CHRISTNER, in his individual capacity, <br><br>            Defendants. | Case No. 24-cv-02122-DCC-GEB |

**DEFENDANTS CITY OF MARION, KANSAS, DAVID MAYFIELD, GIDEON CODY, AND ZACHARIAH HUDLIN'S RESPONSE TO PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER REGARDING CONSOLIDATION**

COME NOW the Defendants Gideon Cody (Cody), David Mayfield (Mayfield), Zachariah "Zach" Hudlin (Hudlin), and the City of Marion, Kansas (the City), collectively the "City Defendants," by and through their counsel, Jennifer M. Hill and Edward L Keeley of McDonald Tinker PA, and submit this reply to both the Court's Notice and Order to Show Cause (ECF 27) and Plaintiffs' response to the same (ECF 32). In support of this reply, the City Defendants state as follows:

  1.  Gideon Cody is the sole named Defendant in the matter of *Gruver v. Cody, et al.*,

1

23-1179-DDC-GEB. All City Defendants are Defendants in *Bentz v. City of Marion, Kansas, et al.*, 24-2120-DDC-GEB, *Zorn v. City of Marion, Kansas, et al.*, 24-2044-DDC-GEB, and this matter. The City Defendants, along with another Defendant, Mayor Michael Powers, a current elected official of the City, are also defendants in the recently filed matter of *Herbel v. Cody, et al.*, 24-2224-HLT-TJJ.  All of these cases arise out of a common set of facts and involve common questions of law.

2. Gideon Cody filed a standard Answer in the litigation filed against him by Debbie "Deb" Gruver, D. Kan. 23-1179-DDC-GEB, ECF 9. Cody did not file a dispositive motion under Rule 12 in that case and the parties proceeded towards an unsuccessful mediation in April, 2024. At the conclusion of the pretrial stage and discovery in that lawsuit, Cody intends to file a dispositive motion under Rule 56 asserting qualified immunity as a defense.

3. The City Defendants either have filed motions to dismiss, or intend to file motions to dismiss, in all remaining cases in which they are named Defendants. In each of these motions, the individual City Defendants will raise the defense of qualified immunity on claims brought against them in their individual capacity.

4. The City Defendants are also seeking dismissal with prejudice of all claims brought against them in their official capacities and/or against the City of Marion, Kansas.

5. The City Defendants agree that consolidation of the above-referenced cases for purposes of discovery is appropriate and have no objection to the same.

6. The only foreseeable issue that the City Defendants would request is a mechanism to request from the Court the option that if consolidated discovery is not appropriate in any specific discovery activity, that any party could seek leave of Court to exempt out consolidation on that specific issue. An example might relate to the gathering of medical records or other private

information that would not be appropriate to distribute to all parties in all lawsuits.

7. The City Defendants would also seek a unified Protective Order for all discovery to ensure that all parties are governed by the same requirements for documents or evidence that may be privileged in some manner.

8. The City Defendants intend on filing a motion to stay discovery in each case. All non-entity City Defendants have raised, or intend to raise, qualified immunity as a defense. "Immunity from suit is a broad protection that grants government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery. A defendant is therefore generally entitled to have immunity questions resolved before being required to engage in discovery. Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit." *Kehler v. Ward*, 2022 U.S. Dist. LEXIS 186825, at *5-6 (D. Kan. Oct. 12, 2022) (internal quotation marks and citations omitted).

The qualified immunity defense provides defendants with the broad general protection of not having to bear the burdens of litigation, including pre-trial discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 – 686 (2009).  See also *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Tennant v. Miller*, 2013 W.L. 4848836 at 1 (D. Kan).

9. Moreover, discovery should not proceed in a case with multiple defendants, only some of whom have a qualified immunity defense:

> [It] is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants.  It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Ashcroft*, 556 U.S. at 685-686.

10.     Therefore, although the City Defendants do not oppose consolidation for purposes of discovery, they request that discovery be stayed pending the resolution of their pending or forthcoming motions to dismiss, including the motions filed by the governmental entities.

11.     Plaintiffs have suggested that the governmental entity defendants should be required to make Rule 26(a)(1) initial disclosures, citing other cases in which that has been done. The City Defendants believe any such requirements should be for all Plaintiffs in all cases. Again, however, the City of Marion, Kansas's motions to dismiss are fully dispositive in all cases but *Gruver v. Cody*, and therefore, no claims are guaranteed to proceed past the dispositive motion stage.

12.     Further, there are distinctions to be made between the cases cited by Plaintiffs and the present case. The cases cited by Plaintiffs presented situations in which the cases were several years old and discovery had already been stayed for a significant period of time. *Bledsoe*, 2021 U.S. Dist. LEXIS 88411, at *5-6; *Couser*, 2019 U.S. Dist. LEXIS 109189 at *7-8. That is not the case here. These cases are in their infancy, the underlying events occurred less than a year ago, and the most recent case was filed in the past week. Unlike *Bledsoe* and *Couser*, there is not a compelling reason to piecemeal or bifurcate discovery. Rather, this District's precedent dictates that a stay of all discovery is most appropriate. *Toney v. Harrod*, 2018 U.S. Dist. LEXIS 190468, at *5-6 (D. Kan. Nov. 7, 2018).

13.     The reality is that all of the pending cases relate to the same facts and events, however, it is anticipated that discovery will be heavily influenced by Judge Crabtree's rulings on all of these cases. For example, if Judge Crabtree disposes of all of the parties' First Amendment claims but not their Fourth Amendment claims, that will necessarily impact the nature and scope of discovery. If some Plaintiffs lose the pending motions to dismiss while others prevail, again the

4

scope and nature of discovery will be heavily influenced by these rulings. For the purposes of judicial economy and efficiency in this litigation, all substantive discovery must be stayed until the rulings on the dispositive motions are issued from the Court.

14. In conclusion, the City Defendants do not oppose consolidation of cases for purposes of discovery but request that discovery be stayed pending the resolution of the dispositive motions they have filed and will file. If the Court is inclined to order Initial Rule 26 Disclosures as suggested by Plaintiffs, the City Defendants request that such disclosures be the only discovery allowed until dispositive motions are ruled on, and that such order apply to every party that is *not asserting qualified immunity*, namely all Plaintiffs, the City and the County.

Respectfully submitted,

s/ Jennifer M. Hill
Jennifer M. Hill, #21213
Edward L. Keeley, #09771
McDONALD TINKER PA
300 West Douglas, Suite 500
Wichita, KS 67202
T: (316) 263-5851
F: (316) 263-4677
E: jhill@mcdonaldtinker.com
    ekeeley@mcdonaldtinker.com
*Attorneys for Defendants Cody, Mayfield, Hudlin and City of Marion, Kansas*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2024, I electronically filed the above and foregoing Response by using the CM/ECF system which will send a notice of electronic filing to registered counsel.

Bernard J. Rhodes
Emma C. Halling
Lathrop GPM, LLP
2345 Grand Blvd., Ste. 2200
Kansas City, MO 64108
*Attorney for Plaintiffs*

5

Jeffrey M. Kuhlmann
Watkins Calcara Chtd
1321 Main Street, Ste 300
PO Drawer 1110
Great Bend, KS 67530
*Attorneys for Defendants Board of County Commissioners of Marion County, Kansas, Sheriff Jeff Soyez, and Aaron Christner*

                                              s/ Jennifer M. Hill
                                              Jennifer M. Hill