# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ERIC MEYER, et al.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    Case No. 2:24-cv-02122-DDC-GEB |
| | ) |
| **CITY OF MARION, KANSAS, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

### Plaintiffs' Combined Reply to Defendants' Responses to Plaintiffs' Motion for Leave to File Supplemental Response, and Plaintiffs' Response to City Defendants' Motion to Strike

Plaintiffs submit their combined reply to the responses of the City and County Defendants to Plaintiffs' motion for leave to file a supplemental response to the pending motions to dismiss (Docs. 76 and 78), as well as their response to the City Defendants' motion to strike (Doc. 77).

### Defendants misapprehend Plaintiffs' request

Defendants' responses to Plaintiffs' motion for leave to file a supplemental response to the pending motions to dismiss ignore key language in the one-page motion: that Plaintiffs seek leave "to file a supplement addressing **the limited issue** of whether, should this Court dismiss any of Plaintiffs' claims, the dismissal should be without prejudice." (Doc. 75 at 1) (emphasis added).

Because Defendants ignore this language, they argue that leave should be denied because extrinsic evidence is not allowed on a motion to dismiss—that the motion should be decided on the four corners of the complaint. (*See* Doc. 76 at 2-3; Doc. 78 at 4-5). But Plaintiffs are not asking this Court to consider the new evidence from the Special Prosecutors as to whether Plaintiffs' current complaint states a claim—instead, they only ask the Court to consider this new evidence on the "limited issue" of whether, if this Court dismisses any of Plaintiffs' claims, the dismissal should be with or without prejudice.

64971221v1

### Plaintiffs' motion is procedurally proper

Defendants term Plaintiffs' motion "procedurally improper" (Doc. 76 at 1) and accuse Plaintiffs of "throwing out the rules of civil procedure." (Doc. 78 at 7). Defendants' hyperbole is misplaced. Local Rule 15.1(a) allows a party to file "a motion for leave to file a pleading **or other document** that may not be filed as a matter of right" and directs the movant to "attach the proposed pleading or **other document**." (Emphasis added). That is exactly what Plaintiffs did.

Equally meritless is the City Defendants' attempt to compare the motion for leave to a surreply. (*See* Doc. 76 at 1-3). Nothing in the proposed supplemental response rebuts what the City Defendants said in their reply; rather, it "supplements" the Plaintiffs' earlier response with new information from the Special Prosecutor documents. *Compare* Fed. R. Civ. P. 15(d) (allowing supplemental pleading based on "any … event that happened after the date of the pleading").

### The Special Prosecutor documents are new

Defendants chastise Plaintiffs for filing suit without waiting for the Colorado Bureau of Investigation to conclude its investigation. They suggest Plaintiffs should have predicted that the Special Prosecutors (who would eventually review the results of CBI investigation) would provide the parties with 50,000 pages of documents[1] and assert Plaintiffs should have waited to prepare their Complaint until they reviewed these documents—which the City Defendants claim would "most assuredly take at least six to eight months" to complete. (*See* Doc. 76 at 4; Doc. 78 at 3).[2]

---

[1] The City Defendants state the Special Prosecutors released these documents "under a Protective Order." (Doc. 76 at 1). This is false. The Special Prosecutors released these documents to the parties in a spirit of cooperation; they were not released in response to a subpoena. The Special Prosecutors did not designate any of the documents as Confidential under the Unified Protective Order, nor could they have validly done so, for the Protective Order is limited to medical, employment, tax, proprietary business, and financial records. (Gruver Doc. 55 ¶ 2).

[2] In Plaintiffs' response to the motions to dismiss, Plaintiffs asked for just 21 days to replead their claims. (*See* Doc. 63 at 59).

But Defendants point to no facts to show that Plaintiffs could—or would—have predicted these events. Nor do Defendants deny that the Special Prosecutors did not begin releasing these documents to the parties until **after** briefing was completed on the pending motions to dismiss. As such, Plaintiffs cannot be faulted for failing to move to amend their complaint before the close of briefing on the pending motions to dismiss.

Defendants also question why Plaintiffs did not seek leave to file a Second Amended Complaint, instead of leave to file a supplement response to the pending motions to dismiss. (*See* Doc. 76 at 4; Doc. 78 at 5-6). But the City Defendants answer that question in their motion to strike when they write: "Plaintiffs' perpetual amendments to pleadings … must cease so that the Court may consider Defendants' pending dispositive motions without further interruptions." (Doc. 77 at 2).³ Filing a Second Amended Complaint now would cause the parties' current briefing and, more importantly, the Court's time in considering those motions, to be wasted. Because Plaintiffs believe their current complaint states a claim against each defendant, the more "just, speedy, and inexpensive" manner of proceeding is to allow this Court to rule on the pending motions and then, if (and only if), the Court dismisses one or more claims, Plaintiffs can seek to cure any defects through a Second Amended Complaint. *See* Fed. R. Civ. Pro. 1.

**The futility rule**

The City Defendants cite Judge Kavanaugh's concurrence in a D.C. Circuit case for the proposition that Rule 12(b)(6) dismissals are "typically with prejudice" (Doc. 76 at 5) and the County Defendants claim the Tenth Circuit has stated that "[a] dismissal under 12(b)(6) should generally be with prejudice." (Doc. 78 at 7). But Defendants misstate the holdings of both cases.

---

³ Still another reason why Plaintiffs have not moved to file a Second Amended Complaint is that the Special Prosecutors are still releasing more documents.

3

In both cases, the courts applied the same "futility" standard that Plaintiffs set forth in their proposed supplemental response. (*See* Doc. 75-1 at 67). For example, in *Seale v. Peacock*, 32 F.4th 1011, 1027 (10th Cir. 2022), the court explained that "'[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) *and* granting leave to amend would be futile.'" (quoting *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014)) (emphasis in original). And in *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012), the majority opinion states that "'dismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C.Cir.1996)).

In that regard, this Court's recent decision in *Galindo v. Taylor*, No. 22-2414-DDC-RES, 2024 WL 1116072 (D. Kan. Mar. 14, 2024), is instructive. There, the Court rejected the defendants' argument that plaintiffs' Section 1983 claims under *Monell* should be dismissed with prejudice. As the Court explained, the "'federal policy of deciding cases on the basis of the substantive rights involved rather than on technicalities' … 'requires that the plaintiff be given every opportunity to cure a formal defect in the pleading … even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading.'" *Id*. at *7 (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2023)).

Particularly relevant is this Court's statement that "plaintiffs have identified information sources which, with discovery, might allow them to allege additional facts to establish plausible *Monell* liability." *Id*. Of course, that is precisely why Plaintiffs are seeking leave to supplement their response to the pending motions to dismiss—to identify the information sources which might allow them to allege additional facts, *i.e*., the newly-obtained Special Prosecutor documents.

4

Finally, Defendants assert that because they have asserted qualified immunity, dismissal of any claims must be with prejudice. (*See* Doc. 76 at 4-6; Doc. 78 at 7). Once again, however, Defendants' authority does not support their claims. For example, the City Defendants cite *Siegert v. Gilley*, 500 U.S. 226, 233 (1991), but in that case the Court found the plaintiff had failed to allege a violation of a clearly established constitutional right—no amount of additional facts would change that result. Similarly, in *Migneault v. Peck*, 158 F.3d 1131, 1140 (10th Cir. 1998), the court held that plaintiff had failed to allege a violation of a clearly established right.[4] Again, therefore, any amendment would be futile.

There is no special "qualified immunity" rule requiring dismissal with prejudice.

## Conclusion

For these reasons, Plaintiffs ask this Court to grant Plaintiffs' motion for leave and to deny the City Defendants' motion to strike.

        Respectfully submitted,

By: */s/ Bernard J. Rhodes*
    Bernard J. Rhodes    KS #15716
    Emma C. Halling    KS #27924
    2345 Grand Blvd., Ste. 2400
    Kansas City, MO 64108
    (816) 292-2000 – Telephone
    (816) 292-2001 – Facsimile
    bernie.rhodes@lathropgpm.com
    emma.halling@lathropgpm.com

    ATTORNEYS FOR PLAINTIFFS

---

[4] The City Defendants also fail to inform the Court that the court of appeal's opinion in *Migneault* was vacated by the U.S. Supreme Court in *Bd. of Regents of Univ. of New Mexico v. Migneault*, 528 U.S. 1110 (2000).

64971221v1